United States District Court
Southern District of Texas
**ENTERED**
March 23, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| DERRICK BERNARD GILDON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 6:20-CV-00066 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Derrick Bernard Gildon is an inmate in the Texas Department of Criminal Justice and is currently incarcerated at the Ramsey Unit in Rosharon, Texas. Gildon filed a counseled 28 U.S.C. § 2254 habeas corpus petition on October 28, 2020. (D.E. 1). Gildon contends that there was court error in his state habeas proceedings and that his trial counsel was ineffective. Respondent filed a motion for summary judgment contending that Gildon's first claim is not cognizable on federal habeas review and that his petition is untimely. (D.E. 6). Gildon has responded. (D.E. 10). As discussed more fully below, it is respectfully recommended that Respondent's motion for summary judgment be granted and Gildon's habeas corpus petition be dismissed with prejudice because his first claim is not cognizable and his petition is untimely. It is further recommended that a Certificate of Appealability ("COA") be denied.

## I. JURISDICTION

This court has jurisdiction pursuant to 28 U.S.C. § 1331 and venue is appropriate because Gildon was convicted in Calhoun County, Texas. 28 U.S.C. § 2254(a); 28 U.S.C. § 124(b)(5); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000).

## II. BACKGROUND

### a. *Petition and Claims*

In his § 2254 petition, Gildon first contends that the state trial court delayed the processing of his application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure, which led to the Texas Court of Criminal Appeals denying the application. (D.E. 1 at 6, 23-25). Second, he argues that trial counsel was ineffective for failing to conduct an adequate investigation of the facts. (D.E. 1 at 6, 28-31). Specifically, he argues that counsel did not: (1) obtain cell phone records; (2) inform Gildon that his case had been remanded to the trial court; and (3) mention contradictory witness statements in the police reports. (*Id.*). Gildon concedes that his petition is untimely, but argues that because the state trial court did not enter findings on his Article 11.07 application within 120 days, he is entitled to file a late § 2254. (*Id.* at 9, 25-27).

### b. *State Court Records*

In November 2016, Gildon was charged in an indictment with aggravated assault with a deadly weapon, in violation of Texas Penal Code § 22.02(a)(2). (D.E. 5-6 at 5). Specifically, the indictment alleged that he threatened Tracy Larkins Gildon with imminent bodily injury by holding a knife to her throat. (*Id.*).

Following a bench trial, the court found Gildon guilty and sentenced him to 16 years' imprisonment. (D.E. 5-8 at 147-48). Judgment was entered on October 31, 2017. (D.E. 5-6 at 23-24). The court entered a corrected judgment on December 8, 2017. (*Id.* at 27-28).

On direct appeal, Gildon challenged the sufficiency of the evidence to support the finding that the knife he used was a deadly weapon. (D.E. 5-1 at 1). The Thirteenth District Court of Appeals affirmed his conviction on June 7, 2018. (*Id.* at 6). Gildon did not file a petition for discretionary review.

On June 24, 2019, Gildon filed his Article 11.07 application in state court. (D.E. 5-14 at 4-35). He raised the same ineffective-assistance claim as in his current petition, among others. (*Id.* at 13-14). The trial court concluded that there were no disputed or controverted facts that needed to be determined and ordered that the application be forwarded to the TCCA. (*Id.* at 39).

On October 23, 2019, the TCCA concluded that Gildon "has alleged facts that, if true, might entitle him to relief," and that additional facts were needed. (D.E. 5-11 at 1-2). Accordingly, it remanded the petition to the trial court for factual findings. (*Id.* at 2). The trial court was required to order a response to the claims from Gildon's trial counsel and was allowed "to use any means set out in Tex. Code Crim. Proc. Art. 11.07, § 3(d)." After reviewing counsel's response, the trial court was required to make findings of fact and conclusions of law regarding whether counsel's representation was deficient and Gildon was prejudiced. The trial court was to resolve these issues within 90 days and forward a "supplemental transcript containing all affidavits and interrogatories or the transcription of

3

the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law," within 120 days. (*Id.*).

On remand, the trial court obtained affidavits from the state prosecutor and Gildon's trial counsel. Sara M. Rodriguez, the state prosecutor, stated that "[a]ccording to the transcript of the trial, [Gildon] failed to provide sufficient information to [trial counsel] to ensure that he was able to subpoena phone records. After nine resets, multiple court appearances, and almost a year after indictment, [Gildon] only advised his counsel of possible phone records at the docket just prior to the trial setting and then did not provide sufficient information to counsel to obtain the records." (D.E. 5-13 at 3). She further stated that trial counsel "is highly thought of by both the district judges and attorneys in this region." (*Id.*).

Trial counsel L. Chris Iles stated that during the nearly one year that the case was pending, he reviewed the discovery with Gildon several times and discussed the right to subpoena documents and witnesses. (*Id.* at 4). Iles further stated that he told Gildon on numerous occasions to provide him with information so he could subpoena documents and send a private investigator to investigate any issues that may come up at trial, but Gildon never provided him with the information. (*Id.* at 5). He noted that he put that fact on the record at trial. (*Id.* at 5-6).

On January 13, 2020, the trial court entered its findings of fact and conclusions of law. (*Id.* at 8). The trial court concluded that Gildon failed to provide sufficient information to allow counsel to subpoena cell phone records and that Gildon's claims were based on inaccurate factual information. The court found both affidavits to be credible.

4

Accordingly, the court found that trial counsel acted reasonably and provided effective assistance of counsel, and therefore recommended that the Article 11.07 application be denied. (*Id.*). Gildon filed objections to the recommendation on January 14, 2020. (*Id.* at 9-12). The record stamp indicates that all of these documents were received by the TCCA on January 23, 2020. (*Id.* at 1).

On March 11, 2020, the TCCA denied Gildon's Article 11.07 application without written order on the findings of the trial court without hearing and on the court's independent review of the record. (D.E. 5-10 at 1).

### III.  DISCUSSION

####    *a.  Cognizability*

In the motion to dismiss, Respondent first contends that Gildon's first claim is not cognizable because issues that occur in state habeas proceedings do not state a claim for federal habeas corpus relief. (D.E. 6 at 4).

Gildon responds that the claim is cognizable because his right to appeal his conviction was violated. (D.E. 10 at 3-6). Gildon cites *Dickerson v. Walsh*, 750 F.2d 150 (1st Cir. 1984), and *Rodriguez v. United States*, 395 U.S. 327 (1969). (*Id.*).

"Infirmities in state habeas corpus proceedings do not constitute grounds for federal habeas relief." *Vail v. Procunier*, 747 F.2d 277, 277 (5th Cir. 1984). This is because an attack on a state collateral proceeding is not an attack on the detention itself. *Moore v. Dretke*, 369 F.3d 844, 846 (5th Cir. 2004). In *Moore*, the federal habeas court "fault[ed] the state courts for a perceived misapplication of their own laws in acting on [the petitioner's] state habeas petition." *Id.* Thus, the court granted the writ and conditionally

5

ordered the petitioner released, unless the state courts: (1) reopened the state habeas proceedings and conducted a fact-finding hearing; or (2) commuted his death sentence to a life sentence. *Id.* The Fifth Circuit held that the district court lacked the authority to grant habeas relief on a showing that Texas courts misapplied their own procedural rules because federal habeas jurisdiction extends only to claims that the petitioner is in custody in violation of the Constitution, laws, or treaties of the United States. *Id.*

Here, Gildon's claim regarding the state court's delay during his Article 11.07 application proceedings is not cognizable on federal habeas review because it challenges only an infirmity in the state habeas proceedings. *Vail*, 747 F.2d at 277. The relief that Gildon seeks is the same as the relief granted by the district court, and vacated by the Fifth Circuit, in *Moore*. He argues that, because the state courts failed to follow state laws during his state habeas proceedings, he should be granted federal habeas relief. (D.E. 1 at 6).[1] This is not an attack on Gildon's detention itself. *Moore*, 369 F.3d at 846. Even were the Court able to hear this claim and grant relief on it, the proper relief would not be to vacate Gildon's conviction, which is not directly implicated by any deficiency in state habeas proceedings. The larger problem, as in *Moore*, is that this Court lacks jurisdiction to hear

---

[1] Gildon also seems to argue that the failure of the state courts to follow state procedural laws excuses his failure to exhaust his claims in state court. (*See, e.g.,* D.E. 1 at 6). However, if he is referring to his failure to exhaust this claim, the Fifth Circuit has held that even reaching the issue of exhaustion on a non-cognizable claim is improper. *Vail*, 747 F.2d at 277-78. Moreover, exhaustion is not an issue for his ineffective-assistance claim because he did exhaust that claim by raising it in his Article 11.07 application, which the TCCA denied on the merits.

the claim because Gildon has only argued that the Texas courts misapplied their own procedural rules. *Id.*

Further, the cases that Gildon cites are not helpful for several reasons. First, *Dickerson* is a First Circuit case and does not overrule the Fifth Circuit's binding precedent. *Dickerson*, 750 F.2d at 150. Moreover, *Dickerson* was decided in 1984, and the Fifth Circuit has continued to apply the rule in *Vail* long after that date. *See, e.g., Moore*, 369 F.3d at 844. Second, while *Rodriguez* is a Supreme Court case, it was decided in 1969, long before *Vail* or the other binding Fifth Circuit precedent applying this rule. *Rodriguez*, 395 U.S. at 327. While a Supreme Court decision would supersede a Fifth Circuit decision, it is apparent that the Fifth Circuit does not see its rule as contrary to the Supreme Court's ruling in *Rodriguez* because it created and continued to apply the rule after *Rodriguez*. Absent a Supreme Court or subsequent Fifth Circuit decision stating the contrary, the rule remains binding on this Court.

Accordingly, because Gildon's first claim is not cognizable on federal habeas review, this Court lacks jurisdiction to hear it. *Moore*, 369 F.3d at 846.

    b.   *Timeliness*

Respondent next argues that Gildon's petition is untimely. (D.E. 6 at 5-8). Specifically, Respondent argues that Gildon's conviction became final on July 7, 2018, when his time to file a petition for discretionary review expired, and that his § 2254 petition was due on July 7, 2019, absent any tolling. (*Id.* at 5-6). Respondent argues that Gildon was entitled to 262 days of tolling for the time his Article 11.07 application was pending, moving his deadline to file a § 2254 petition to March 25, 2020. (*Id.* at 6). However,

7

Respondent argues that Gildon did not file his petition until October 28, 2020. (*Id.*). Finally, Respondent argues that Gildon has not established that he is entitled to equitable tolling. (*Id.* at 6-8).

Gildon responds that he is entitled to equitable tolling under the state action doctrine. (D.E. 10 at 6-11). Specifically, he contends that the state submitted new evidence in the Article 11.07 proceedings without providing him the opportunity to respond, thereby depriving him of his right to appeal. (*Id.* at 8). He now concedes that the trial court made its factual findings within the TCCA's deadline, but instead argues that they should not be considered "findings of fact" because the trial court merely agreed with trial counsel and did not allow Gildon to respond. (*Id.* at 8-12).

A one-year limitation period applies to an application for a writ of habeas corpus filed by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of either: (1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States was removed; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court; or (4) the date on which the factual predicate of the claim presented could have been discovered through the exercise of due diligence. *Id.* § 2244(d)(1). The time during which a properly filed state collateral review application is pending is not counted toward the limitation period. 28 U.S.C. § 2244(d)(2).

8

A petition for discretionary review must be filed within 30 days after the court of appeals' judgment was rendered. Tex. R. App. P. 68.2(a).

The timeliness provision in § 2244(d) is also subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 634 (2010). A petitioner is entitled to equitable tolling only if he can show that: (1) he has been diligently pursuing his rights; and (2) some extraordinary circumstance stood in his way. *Id.* at 649. Such a circumstance exists where, for example, the plaintiff was misled by the defendant about the cause of action or was otherwise prevented in some extraordinary way from asserting his rights. *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002). A standard claim of excusable neglect is insufficient. *Id.* The failure to satisfy the limitation period must result from "external factors" beyond the petitioner's control, and delays caused by the petitioner do not qualify. *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006).

Here, Gildon's § 2254 petition is untimely, even accounting for the period of statutory tolling, and he has not established that he is entitled to equitable tolling. He had 30 days to file a petition for discretionary following the entry of the judgment denying his direct appeal on June 7, 2018. Tex. R. App. P. 68.2(a). Because he did not file a petition for discretionary review, his conviction became final at the expiration of those 30 days on July 9, 2018.[2] (*See* D.E. 5-1 at 6). His time to file a § 2254 petition expired one year later on July 9, 2019. 28 U.S.C. § 2244(d)(1). None of the other potential start dates for the

---

[2] July 7, 2018, was a Saturday. *See* Tex. R. App. P. 4.1(a).

9

limitations period appear to apply based on the claims in the petition,[3] and Gildon conceded in his response that his petition is untimely absent tolling.

As to statutory tolling, Gildon properly filed his Article 11.07 application on June 24, 2019, and it tolled the limitations period until the TCCA denied it on March 11, 2020. (D.E. 5-14 at 4; D.E. 5-10 at 1); 28 U.S.C. § 2244(d)(2). This tolled the limitations period for 262 days, extending Gildon's deadline to file his § 2254 petition to March 27, 2020. He did not file his § 2254 petition until October 28, 2020, over seven months after the limitations period expired. (D.E. 1). Thus, absent equitable tolling, the petition is still untimely.

Gildon has not established that he is entitled to equitable tolling because he has not shown any extraordinary circumstance that prevented him from filing his § 2254 petition earlier. *Holland*, 560 U.S. at 649. Gildon's arguments in favor of equitable tolling are that the state submitted new evidence in the Article 11.07 proceedings that he was not able to respond to and that the trial court's habeas findings were insufficient. (D.E. 10 at 7-11). However, it is unclear what either of these facts, even if true, have to do with his ability to timely file a § 2254 petition. Even construing these as state action, Gildon has not argued or established how they impeded his ability to file a § 2254 petition given that all the

---

[3] Gildon makes an argument based on "state action" in his response, although he cites equitable tolling as the basis for the argument rather than 28 U.S.C. § 2244(d)(1)(B). Regardless, as discussed further below, he has not identified any state action that impeded his ability to timely file his petition.

actions complained of occurred during the period of statutory tolling.[4]  Notably, Gildon filed objections to the state trial court's recommendation before the TCCA ruled on his Article 11.07 application, and the TCCA then waited nearly another two months before ruling on the trial court's recommendation.  (D.E. 5-10 at 1; D.E. 5-13 at 9-12).  Finally, even if this could constitute an extraordinary circumstance, Gildon has not shown that he was diligently pursuing his rights where he waited another seven months after the TCCA's order to file his § 2254 petition.

Because his petition was over seven months late even accounting for the applicable period of statutory tolling and he is not entitled to equitable tolling, Gildon's petition is untimely.

## IV.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."

---

[4] Gildon cites *Hardy v. Quarterman*, 577 F.3d 596 (5th Cir. 2009), as precedent for his argument that the state trial court's delay is a reason for equitable tolling.  (D.E. 10 at 8-10).  In *Hardy*, the Fifth Circuit noted that the TCCA's delay in notifying a petitioner once a decision has been rendered could be a reason for equitable tolling.  *Hardy*, 577 F.3d at 598.  However, Gildon has not raised any argument that the TCCA failed to notify him in a timely manner that his Article 11.07 application was denied.  He argues that the affidavits submitted to the state trial court were not provided to him before the findings of fact were entered.  (D.E. 10 at 8-10).  Even if this were true, Gildon does not explain how this affected his ability to timely file a § 2254 petition, which is the relevant question.  In the situation discussed in *Hardy*, statutory tolling ends when the TCCA denies an Article 11.07 application.  Therefore, the failure of the TCCA to timely notify a petitioner of the denial has a direct effect on his ability to timely file a § 2254 petition.  In contrast, the actions Gildon complains of all occurred during the period of statutory tolling and months before the TCCA denied his application.  In whatever ways the state trial court may have delayed, it did not deprive Gildon of any of the one-year time period to file a § 2254 petition.

11

28 U.S.C. § 2253(c)(1)(A). Although Gildon has not yet filed a notice of appeal, the issue of whether he is entitled to a COA will be addressed. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (stating that a district court may *sua sponte* rule on a COA).

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Where a district court rejects the claims on procedural grounds, a petitioner must show that jurists of reason would find it debatable whether: (1) the petition states a valid claim of the denial of a constitutional right; and (2) the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, reasonable jurists would not find it debatable that Gildon's first claim is not cognizable and his petition is untimely. Therefore, it is further recommended that any request for a COA be denied.

## V. RECOMMENDATION

Based on the foregoing, it is respectfully recommended that Respondent's motion for summary judgment (D.E. 6) be GRANTED and Gildon's § 2254 petition be DISMISSED with prejudice. In addition, it is further recommended that any request for a Certificate of Appealability be DENIED.

Respectfully submitted on March 23, 2021.

$\phantom{xxxxxxxxxxxxxxxxxxxxxxxxxxx}$_____
$\phantom{xxxxxxxxxxxxxxxxxxxxxxxxxxx}$Julie K. Hampton
$\phantom{xxxxxxxxxxxxxxxxxxxxxxxxxxx}$United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).