UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| DERRICK BERNARD GILDON, | § |
| Petitioner, | § § § |
| v. | § § Civil Action No. 6:20-CV-00066 |
| BOBBY LUMPKIN, | § § § |
| Respondent. | § |

## MEMORANDUM OPINION AND ORDER
## ACCEPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court is the March 23, 2021 Memorandum and Recommendation ("M&R") signed by Magistrate Judge Julie K. Hampton. (Dkt. No. 11). In the M&R, Magistrate Judge Hampton recommends the Court (1) grant Respondent Bobby Lumpkin's Motion for Summary Judgment; (2) deny Petitioner Derrick Bernard Gildon's petition for writ of habeas corpus under 28 U.S.C. § 2254; and (3) deny a certificate of appealability.

The Parties received proper notice and the opportunity to object to the proposed findings and recommendations.[1] *See* 28 U.S.C. § 636(b)(1). Gildon filed timely objections. (Dkt. No. 12). As a result, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court has conducted *de novo* review of the

---

[1] Rule 72 normally governs review of a magistrate judge's M&R. The comment to Rule 72 of the Federal Rules of Civil Procedure, however, states that Rule 72 is inapplicable in the habeas corpus context. *See* Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition; *accord Nara v. Frank*, 488 F.3d 187, 195 (3d Cir. 2007).

M&R, the objections, the record, and the applicable law.  After careful review, the Court **ACCEPTS** the M&R.

**I.     DISCUSSION OF OBJECTIONS**

Gildon raises two objections to the M&R.  Both are meritless.

**A.     STATE COURT DELAY IS NOT LEGALLY COGNIZABLE**

Gildon's first claim in his federal habeas petition is an alleged error in his state habeas proceedings.  Specifically, Gildon takes issue with the state trial court's delay in ruling on his habeas application, which he believes resulted in the petition being denied. (Dkt. No. 1 at 6, 8, 25).  Magistrate Judge Hampton recommends dismissal because this claim is not cognizable.  (Dkt. No. 11 at 5–7).  Gildon objects by arguing that his "detention is the result of a due process violation" and that the state-court proceedings were "contrary to the basic policies of habeas corpus relief." (Dkt. No. 12 at 1–2).  The Court overrules the objection because it directly conflicts with controlling precedent.

The Fifth Circuit has explained in a "long line of cases" that "infirmities in state habeas proceedings do not constitute grounds for relief in federal court." *Rudd v. Johnson*, 256 F.3d 317, 319–20 (5th Cir. 2001) (collecting cases).  In other words, federal habeas relief is concerned with the underlying detention itself, not the state proceeding that challenges the detention.  *Id.*  The Fifth Circuit has described this rule as "axiomatic." *Ladd v. Stephens*, 748 F.3d 637, 644 (5th Cir. 2014).  Yet, as Magistrate Judge Hampton explains, Gildon invites this Court to grant habeas relief because of alleged defects in the state habeas proceedings.  Indeed, in support of his due process claim, Gildon points solely to the state trial court's alleged failure to timely file findings of fact.  (Dkt. No. 1 at 6).  Even

assuming the state trial court untimely filed its findings of fact,[2] such an error would not be cognizable in a federal habeas petition because it would be an infirmity in the state habeas proceeding. *See Kinsel v. Cain*, 647 F.3d 265, 273 (5th Cir. 2011). Gildon cites a single case that he claims is in opposition to this conclusion: *Rodriguez v. United States*, 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969). (Dkt. No. 12 at 1–2). But this Court is duty-bound to apply subsequent, controlling Fifth Circuit precedent.[3] Gildon offers no response to Magistrate Judge's Hampton's observation concerning this point. The Court overrules the objection.

### B.    THE FEDERAL HABEAS PETITION IS UNTIMELY

Gildon's second claim pertains to ineffective assistance of counsel. (Dkt. No. 1 at 6, 28–31). As an initial matter, though, the Court must determine whether the federal habeas petition—and thus the ineffective assistance of counsel claim—was timely filed. Gildon's habeas petition argues that he is entitled to equitable tolling. (*Id.* at 26–27).

---

[2]    The record indicates the state trial court's findings of fact were timely filed. Gildon takes issue with the trial court's alleged failure to comply with the Texas Court of Criminal Appeal's 120-day deadline. (Dkt. No. 1 at 6, 9, 25). On October 23, 2019, the Texas Court of Criminal Appeals ordered the trial court to (1) resolve the fact issues within 90 days; and (2) forward supplemental findings of fact and conclusions of law within 120 days. (Dkt. No. 5-11). The trial court entered its findings of fact and conclusions of law on January 13, 2020, and filed those documents with the Texas Court of Criminal Appeals just ten days later. (Dkt. No. 5-13 at 1, 8). Thus, given the trial court's timely compliance with the order, the precise basis for Gildon's first claim is unclear. Gildon muddies the water when he later shifts the focus from the 120-day deadline to the initial 90-day deadline. (Dkt. No. 10 at 8–9). Yet he concedes that the deadline was met. (*Id.* at 9).

[3]    *Cisneros v. Stephens* is also instructive. No. 2:13-CV-126, 2014 WL 427188 (S.D. Tex. Feb. 4, 2014). In *Cisneros*, the petitioner argued that his due process rights were violated during his state habeas appeal and that he was entitled to relief under *Rodriguez v. United States*. *Id.* at *3. The court rejected these arguments in part because precedent after *Rodriguez* dictates that errors in the petitioner's state habeas proceeding are not cognizable. *Id.* at *4.

Magistrate Judge Hampton disagrees. She recommends dismissal of the petition as untimely because Gildon filed the petition outside the period of statutory tolling and has not established entitlement to equitable tolling. (Dkt. No. 11 at 8–11). In his objection, Gildon again argues that he is entitled to equitable tolling. (Dkt. No. 12). The Court finds Magistrate Judge Hampton's reasoning and conclusion persuasive.

The statute of limitations for a Section 2254 habeas petition is one year. 28 U.S.C. § 2244(d)(1). This one-year-limitations period begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court or made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* But the "time during which a properly filed application for State post-conviction or other collateral review . . . is pending" does not count. *Id.* § 2244(d)(2).

Here, calculating the timeliness of the federal habeas petition begins on June 7, 2018—when the state court of appeals affirmed Gildon's judgment. (Dkt. No. 5-2). The deadline to file a petition for discretionary review with the Texas Court of Criminal Appeals is thirty days after the court of appeals' judgment. Tex. R. App. P. 68.2(a). It is

undisputed that Gildon did not file a petition for discretionary review in the Texas Court of Criminal Appeals. Thus, his conviction was "final" for federal habeas purposes on July 9, 2018—"the expiration of the time for seeking such review." *See* 28 U.S.C. § 2244(d)(1)(A); *see also* Tex. R. App. P. 4.1(a). This makes Gildon's deadline to file a federal habeas petition one year later: July 9, 2019. *See* 28 U.S.C. § 2244(d)(1). Gildon did not file his federal habeas petition until October 28, 2020. (Dkt. No. 1). As a result, the current habeas petition is untimely unless tolling applies.[4]

1. **Statutory Tolling**

The two potential bases for tolling are statutory and equitable. The Court begins with statutory tolling. Again, the clock on Gildon's federal habeas petition stopped ticking while his state habeas petition was pending. *See* 28 U.S.C. § 2244(d)(2). On June 24, 2019, Gildon filed his state habeas application. (Dkt. No. 5-14 at 4). On March 11, 2020, the Texas Court of Criminal Appeals denied the application. (Dkt. No. 5-10). As a result, the statute of limitations on Gildon's federal habeas petition was paused for 261 days. *See* 28 U.S.C. § 2244(d)(2).

Since the conviction was final for federal habeas purposes on July 9, 2018, and the state habeas application was filed on June 24, 2019, Gildon had approximately fifteen

---

[4] Gildon does not clearly advance another statutory basis under Section 2254(d)(1) for calculating the latest date that the limitations period starts to run. At most, Gildon appears to argue there was "an impediment to filing an application created by State action." *See* 28 U.S.C. § 2244(d)(1)(B). As Magistrate Judge Hampton points out, however, Gildon cites "equitable tolling" in support of this "State action" theory. (Dkt. No. 11 at 10 n.3); (Dkt. No. 12 at 2). The Court thus analyzes equitable tolling. But even if there was "State action," as Gildon argues, there is no basis for finding an impediment to Gildon filing his federal habeas application. Indeed, Gildon's objections focus on events *before* the Texas Court of Criminal Appeals issued its decision on his state habeas application.

days left in the one-year statute of limitations to file his *federal* habeas petition. Because the statutory tolling period ended on March 11, 2020—when the Texas Court of Criminal Appeals denied his application—Gildon had to file his federal habeas petition on or before March 26, 2020. He did not. Instead, Gildon filed a federal habeas petition approximately seven months later. The Court therefore finds that statutory tolling does not push Gildon over the finish line.

### 2. <u>Equitable Tolling</u>

The Court next turns to equitable tolling. The Supreme Court has held that Section "2244(d) is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645, 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130 (2010). But "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 649, 130 S.Ct. at 2562 (internal quotations omitted). Equitable tolling in Section 2254 cases applies "only in rare and exceptional circumstances," *Jackson v. Davis*, 933 F.3d 408, 410 (5th Cir. 2019), and the petitioner carries the burden of showing equitable tolling applies. *Clarke v. Rader*, 721 F.3d 339, 344 (5th Cir. 2013).

Magistrate Judge Hampton reasons that Gildon's arguments in favor of equitable tolling—namely, the state's submission of new evidence without his response and the insufficiency of the state trial court's findings—have nothing "to do with his ability to timely file a § 2254 petition." (Dkt. No. 11 at 10–11). Gildon objects by arguing that the State of Texas submitted new facts to the state court without providing Gildon the opportunity to respond. (Dkt. No. 12 at 2). Gildon also argues that, under *Hardy v.*

6

*Quarterman*, the State of Texas's "documents containing findings of fact were not served in a timely manner." (*Id.*). Gildon misses the mark.

First, as Magistrate Judge Hampton recognized, it is unclear how the State of Texas submitting new facts in the *state* habeas proceeding without providing Gildon the opportunity to respond has anything to do with his ability to timely file a *federal* habeas petition. Again, for equitable tolling to apply, Gildon must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing" of his federal habeas petition. *Holland*, 560 U.S. at 649, 130 S.Ct. at 2562 (internal quotations omitted). The submission of new facts during the state habeas proceedings does not address either of these requirements.

Second, as Magistrate Judge Hampton explained, *Hardy v. Quarterman* is inapplicable. *Hardy* applied equitable tolling because the evidence demonstrated a delay between the time the Texas Court of Criminal Appeals decided the petition and time the petitioner received notice of that decision. 577 F.3d 596, 598–99 (5th Cir. 2009) (per curiam). Here, by contrast, Gildon does not point to evidence that the Texas Court of Criminal Appeals failed to notify him of its March 11, 2020 decision in a timely manner. In fact, his objection solely takes issue with a supposed delay *before* the Texas Court of Criminal Appeals issued a decision.[5] (Dkt. No. 12 at 2). Thus, *Hardy* does not apply.

---

    5    Even if there was evidence of a delay in notice of the Texas Court of Criminal Appeal's decision, the Court also concludes that "there is no evidence that this delay contributed to [the] untimely filing of his § 2254 petition." *See Clarke*, 721 F.3d at 345.

Gildon fails to carry his burden that equitable tolling applies, which means that his federal habeas petition is untimely. The Court overrules the objections.

## II.   CONCLUSION

For the foregoing reasons, the Court **ACCEPTS** the M&R as the opinion of the Court. Accordingly, the Court **GRANTS** Respondent Bobby Lumpkin's Motion for Summary Judgment. (Dkt. No. 6). The Court further **DISMISSES WITH PREJUDICE** Petitioner Derrick Bernard Gildon's habeas petition under 28 U.S.C. § 2254. (Dkt. No. 1). Finally, the Court **DENIES** a certificate of appealability.

It is SO ORDERED.

Signed on March 7, 2022.

*/s/ Drew B. Tipton*
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**